UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PLYMOUTH HOUSING GROUP,<br><br>                Plaintiff,<br><br>   v.<br><br>KENNETH WAYNE LEAMING,<br><br>                Defendant. | CASE NO. C23-0850JLR<br><br>ORDER GRANTING MOTION TO REMAND |

## I.    INTRODUCTION

Before the court is Plaintiff Plymouth Housing Group's ("Plymouth") motion to remand and for an award of attorneys' fees and costs. (Mot. (Dkt. # 9); Reply (Dkt. # 15).) *Pro se* Defendant Kenneth Wayne Leaming, who is proceeding *in forma pauperis* ("IFP"), opposes Plymouth's motion. (Resp. (Dkt. # 14).) The court has reviewed the motion, the relevant portions of the record, and the governing law. Being fully advised,[1]

---

[1] Neither party requests oral argument (*see* Mot. at 1; Resp. at 1), and the court finds oral argument unnecessary to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER - 1

the court GRANTS Plymouth's motion to remand and DENIES Plymouth's request for attorneys' fees.

## II. BACKGROUND

Plymouth is a low-income housing provider in the King County, Washington area. (Parrott Decl. (Dkt. # 10) ¶ 4, Ex. C ("Kern Decl.") ¶ 2.) Mr. Leaming is a tenant at one of the properties that Plymouth manages. (Kern Decl. ¶ 5.)

On March 30, 2023, after Mr. Leaming threatened violence against Plymouth's staff and attorneys, Plymouth issued a thirty-day notice of intent to terminate Mr. Leaming's tenancy pursuant to RCW 59.12 and RCW 59.18. (*See* Not. of Removal (Dkt. # 8), Ex. C.) On May 30, 2023, after Mr. Leaming failed to comply with the termination notice and vacate Plymouth's property, Plymouth served Mr. Leaming with unfiled copies of a verified complaint for unlawful detainer and an eviction summons. (Compl. (Dkt. # 8-2 at 1-9); Eviction Summons (Dkt. # 8-2 at 10-13).) In its complaint, Plymouth sought relief under RCW 59.18.410 for damages arising from Mr. Leaming's tenancy, a decree terminating Mr. Leaming's right to possess the property, and a writ of restitution to evict Mr. Leaming from the property. (*See* Compl. at 4-5.) Plymouth filed its complaint in King County Superior Court on June 26, 2023. *See* Dkt., *Plymouth Housing Grp. v. Leaming*, No. 23-2-11465-5 SEA (King Cnty. Super. Ct.) (filed June 26, 2023).[2]

---

[2] The court takes judicial notice of the King County Superior Court docket for this case. *See* Fed. R. Evid. 201.

ORDER - 2

On June 1, 2023, Mr. Leaming filed an application for leave to proceed IFP and a proposed notice of removal in this court.  (IFP App. (Dkt. # 1); Prop. Not. of Removal (Dkt. # 1-1).)  On June 30, 2023, United States Magistrate Judge Michelle L. Peterson granted Mr. Leaming's motion to proceed IFP and the court accepted Mr. Leaming's notice of removal for filing.  (IFP Order (Dkt. # 7); Not. of Removal.)  Although Mr. Leaming purports to remove Plymouth's verified complaint for unlawful detainer from King County Superior Court to this court, he does not assert a basis for this court's removal jurisdiction over this matter.  (*See generally* Not. of Removal); *see also McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992) (noting that a court must liberally construe a pro se litigant's filings).

Plymouth filed the instant motion to remand on June 30, 2023.  (Mot.)  In response, Mr. Leaming filed a purported amended complaint (Leaming Am. Compl. (Dkt. # 13)); a document that appears to be a response to Plymouth's March 30, 2023 notice of intent to terminate Mr. Leaming's tenancy (Resp. to Notice (Dkt. # 13-2)); and a purported notice of fraud upon the court (Not. of Fraud (Dkt. # 13-4)).  Only the notice of fraud responds in any way to Plymouth's motion to remand.  (*See* Not. of Fraud.)  Specifically, Mr. Leaming asserts that the "entire 'Remand' process should be STRICKEN from the Record" because "the purported 'Real Party in Interest'" to the eviction process "DOES NOT EXIST."  (*Id.*)

### III.   ANALYSIS

A civil action brought in a state court may be removed to a federal district court if the federal district court could have exercised original jurisdiction over the action.

28 U.S.C. § 1441; *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005). The court has federal question jurisdiction over actions that arise under the Constitution, laws, and treaties of the United States. 28 U.S.C. § 1331. It has diversity jurisdiction over actions that arise between citizens of different states where the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. Federal courts strictly construe the removal statute and must reject jurisdiction if there is any doubt as to the right of removal in the first instance. *See Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing defendant faces a "strong presumption" against removal and bears the burden of establishing, by a preponderance of the evidence, that removal was proper. *Gaus*, 980 F.2d at 567; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

Because both Plymouth and Mr. Leaming are citizens of Washington (*see* Compl.), removal is proper only if the court could have exercised federal question jurisdiction over this action when it was filed. *See* 28 U.S.C. §§ 1332, 1441. Under the "well-pleaded complaint rule," federal question jurisdiction supporting removal exists only when the federal question is present on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10 (1983) ("For better or worse . . . a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law.") "Where, as here, state law creates the cause of action, the action arises under federal law when the plaintiff's well-pleaded complaint 'establishes . . . that the plaintiff's right to

relief necessarily depends on resolution of a substantial question of federal law.'" *Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1184 (9th Cir. 2022) (quoting *Franchise Tax Bd.*, 463 U.S. at 27-28). The court agrees with Plymouth that its unlawful detainer complaint, on its face, does not include any claims that arise under the Constitution, laws, or treaties of the United States. (*See generally* Compl.) To the contrary, Plymouth's complaint alleges only claims arising under Washington state law that do not depend on resolution of any question of federal law. (*Id.* at 4 (citing RCW 59.18.410).) Because Plymouth's well-pleaded complaint does not present a federal question, the court concludes that removal of this action is improper and GRANTS Plymouth's motion to remand.[3]

Plymouth also seeks an award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c), which provides that a court granting a motion to remand may order the removing defendant to pay the plaintiff its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); (*see* Mot. at 7-8). The standard for awarding fees when remanding a case to state court "'should turn on the reasonableness of the removal.'" *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) (quoting *Martin*, 546 U.S. at 141). "'Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.'" *Id.* (quoting *Martin*, 546 U.S. at

---

[3] Having concluded that there is no basis for the court to exercise jurisdiction over this matter, the court need not address Mr. Leaming's arguments raised in his notice of fraud upon the court. (*See* Not. of Fraud.)

1    141). Removal is not objectively unreasonable "solely because the removing party's

2    arguments lack merit, or else attorney's fees would always be awarded whenever remand

3    is granted." *Id.* Rather, the court must determine whether the defendant's arguments

4    supporting removal were "clearly foreclosed." *Id.* at 1065-66.

5         The court retains discretion to determine whether "unusual circumstances warrant

6    a departure from the rule in a given case." *Martin*, 546 U.S. at 141. Such a departure

7    should nevertheless be faithful to the purposes of awarding fees under 28 U.S.C.

8    § 1447(c), which are to "deter removals sought for the purpose of prolonging litigation

9    and imposing costs on the opposing party." *Id*.

10        Mr. Leaming does not directly respond to Plymouth's request for attorney's fees

11   and costs (*see generally* Resp.), and the court has no trouble concluding that Mr.

12   Leaming had no objectively reasonable basis for removing Plymouth's wrongful detainer

13   action to this court. Nevertheless, the court concludes that an award of fees is not

14   warranted for two reasons. First, because Mr. Leaming is not represented by counsel, the

15   court cannot conclude that Mr. Leaming knew he lacked any reasonable basis for

16   removal. *See John Daly Boulevard Assocs., LP v. Gonzales*, No C 14-4213 PJH, 2014

17   WL 6808343, at *3 (N.D. Cal. December 2, 2014) (declining to award fees where

18   unrepresented, IFP defendant might not have known she lacked a basis for removal).

19   Second, the court determined that Mr. Leaming lacks the funds to pay court filing fees

20   when it granted his application to proceed IFP. (*See* IFP App. at 1 (representing that Mr.

21   Leaming has been unemployed since November 2011, has no assets, and receives only a

22   small monthly social security payment as income); IFP Order.) An award of attorneys'

fees that Mr. Leaming is likely unable to pay would not serve the removal statute's deterrent purpose. *See John Daly Boulevard*, 2014 WL 6808343, at *3 (finding award of fees inappropriate due to *pro se*, IFP defendant's financial status). Therefore, the court DENIES Plymouth's request for attorney's fees and costs but cautions Mr. Leaming that any future attempt to remove this case may justify an award of attorneys' fees or other sanctions.

### IV.   CONCLUSION

For the foregoing reasons, the court ORDERS as follows:

(1)   Plymouth's motion to remand (Dkt. # 9) is GRANTED.

(2)   The Clerk is DIRECTED to REMAND this action to King County Superior Court;

(3)   Plymouth's request for attorney's fees and costs is DENIED; and

(4)   Because this action was improperly removed to this court, Mr. Leaming's filing entitled "Notice of Duty: And 'Motion' to Perform Duty to Prevent / Correct Wrong, Consistent with the Premises Set Forth by Congress at R.S. § 1981, and Oath / Affirmation Contract(s)" (Dkt. # 14) is DENIED.

Dated this 31st day of July, 2023.

JAMES L. ROBART
United States District Judge